IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CHADLEY DEAN ALLEY,

    Petitioner,

v.                                             Civil Action No. 3:17CV637

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner has submitted this petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his § 2241 Petition, Petitioner contends that in that wake of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, 135 S. Ct. 2551 (2015), his North Carolina convictions for breaking and entering no longer qualify as predicates for imposing an enhanced sentence under the Armed Career Criminal Act ("ACCA"). (ECF No. 1, at 3.)[1] Respondent has responded. (ECF No. 6.) Petitioner has filed a reply. (ECF No. 8.) As explained below, Petitioner's claim lacks merit and will be DISMISSED.[2]

As noted by the Supreme Court

> Federal law forbids certain people-such as convicted felons, persons committed to mental institutions, and drug users-to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

---

[1] The Court employs the pagination assigned to Petitioner's § 2241 Petition by CM/ECF.

[2] The United States Court of Appeals for the Fourth Circuit recently concluded that a petitioner could use 28 U.S.C. § 2241 to challenge "fundamental sentencing errors, as well as undermined convictions." *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018), denying petition for rehearing en banc, *United States v. Wheeler*, --- F. App'x ----, No. 16-6073, 2018 WL 2947929, at *1 (4th Cir. June 11, 2018)

*Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015) (citation omitted).

The Armed Career Criminal Act (ACCA) defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557. "Therefore, in order for a prior conviction to qualify as a violent felony under the ACCA following *Johnson*, it must qualify either under the enumerated offense clause or under the force clause." *United States v. McNatt*, 727 F. App'x 68, 69 (4th Cir. 2018).

Petitioner was found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (ECF No. 1, at 3.) Petitioner received an enhanced sentence under ACCA based upon his three prior North Carolina convictions "for 'breaking and entering' under N.C. Gen. Stat. § 14–54(a)." (*Id.*) Petitioner contends:

> Although the Fourth Circuit previously held that such prior convictions qualify as "violent" for purposes of an increased statutory sentence under 18 U.S.C. § 924(e), it has recently questioned that holding now in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Brown*, 670 F. App'x 191, 192 (4th Cir. Nov. 18, 2016).
> ... In light of *Johnson* and *Mathis*, [Petitioner's breaking and entering convictions] no longer qualify as predicate conviction[s] for purposes of § 924(e) . . . .

(*Id.*)

2

Petitioner is wrong. Just last month, the Fourth Circuit reaffirmed that, in the wake of *Johnson* and *Mathis*, North Carolina breaking and entering qualifies as a violent felony for ACCA under the enumerated offense clause. *McNatt*, 727 F. App'x at 69 ("reaffirming this court's holding that North Carolina's breaking and entering statute criminalizes no more than generic burglary and is an enumerated offense under the ACCA" (citing *United States v. Beatty*, 702 F. App'x 148, 150-51 (4th Cir. 2017))). Accordingly, Petitioner's § 2241 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 7/16/18
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

3